### ROBERT W. WRIGHT vs. WILLIAM HOBSON.

A landlord attaching his tenant's *goods*, on affidavit that he is about to remove them from the county, is not bound to support his affidavit by proof of reasonable ground at the next term of the court.

The proceeding by attachment against the *goods* of a tenant, founded on an affidavit of his intention to remove *them* from the *county*, differs in this respect from proceedings founded on an affidavit of the *tenant's* intention to leave the *State*.

ATTACHMENT for rent under sec. 9, *Dig.* 365, on affidavit of a landlord, that his tenant intended to remove his effects from the county before the rent became due, so as to defeat a distress. The attachment was returnable to the November term, 1844: nothing was done in it at that term; and, at the next term, the defendant obtained a rule to show cause why the attachment should not be quashed, because the affidavit was not properly supported.

The plaintiff now proved the defendant's occupation of the premises, and that in July or August, he had said he was going to move off as soon as his corn was fit to gather. He did move off into Kent county, before the end of the year; after the corn was gathered.

*Rogers,* for defendant, insisted that the landlord was bound *at the return term of the writ,* to support his affidavit, and show probable cause for issuing the writ, or that the attachment would be quashed. (*Dig.* 366, § 9; 3 *Harr. Rep.* 493, *Grubb* vs. *Pyle.*)

*Rodney,* contra.

*By the Court.*—As between the landlord and tenant, we do not perceive any necessity for holding the party to the return term for moving an order of sale. On the service of an attachment the tenant may release his goods by bond; or may deny the rent and obtain from the court an order for an issue to be tried by a jury. And, if he does not move at the return term, there is no necessity in his behalf, to require the motion to be made at that term by the landlord, for the delay is to the landlord's prejudice.

This is not like the case of Grubb *vs.* Pyle. The proceeding there was under the 20th section of the attachment act, authorizing the *arrest of the body* on affidavit that the debtor was about to leave the State. That act requires the plaintiff to follow up his affidavit by proof at the court, of sufficient cause for demanding better security, and expressly provides that the court shall give judgment for costs against the plaintiff if he does not show sufficient cause.

But there is no such provision in relation to the attachment of goods. The attachment issues on the affidavit merely; and unless the defendant gives bond or demands an issue, the court will order a sale of the goods to pay the rent demanded.

The sheriff is liable for the safe keeping of the goods, to be sold pursuant to any order of court properly obtained for that purpose. His responsibility is not greater than the law imposes in many other cases pending litigation in respect of property in his hands. If such property creates a charge in keeping, or is perishable, he has a remedy provided by law on his own application; and perhaps, the unreasonble laches of a plaintiff in procuring an order of sale might discharge the sheriff's liability: of that however, we give no opinion. The question is not involved in this motion.

Rule discharged.

*Rogers,* for the rule.
*Rodney,* contra.